**Marcelina Quintanilla CENTENO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–73606.

United States Court of Appeals, Ninth Circuit.

Argued April 10, 2014.

Submitted Aug. 4, 2014.

Filed Aug. 6, 2014.

I.A. Jacob Oetama–Paul, Fish & Richardson PC, Washington, DC, for Petitioner.

Yamileth G. Davila, Trial, Eric Warren Marsteller, Esquire, Trial, OIL, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN, NGUYEN, and WATFORD, Circuit Judges.

MEMORANDUM *

Marcelina Quintanilla Centeno, a native and citizen of Nicaragua, challenges the Board of Immigration Appeals' ("BIA") denial of her request for a remand so that the immigration judge ("IJ") may conduct an inquiry into her competency. Our review is for abuse of discretion, *see Garcia–Quintero v. Gonzales*, 455 F.3d 1006, 1011 (9th Cir.2006), and 8 U.S.C. § 1252(a) grants us jurisdiction.

On May 4, 2011—six days before Quintanilla Centeno's removal hearing—the BIA issued a precedential opinion outlining the framework for IJs to use when faced with a noncitizen showing some "indicia of incompetency." *See In re M–A–M–*, 25 I. & N. Dec. 474 (B.I.A.2011). In short, under *In re M–A–M–*, although noncitizens are "presumed" competent, *id.* at 477, steps must be taken to protect those who "lack sufficient competency to meaningfully participate in proceedings," *id.* at 482. Quintanilla Centeno argues that, because she presented "indicia of incompetency,"

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the BIA abused its discretion by not granting a remand for the IJ to conduct the required competency inquiry. We agree.

In spite of some indications that Quintanilla Centeno was suffering from severe depression and may have recently discontinued her psychiatric medication, the IJ did not "make further inquiry to determine whether [she was] competent for purposes of immigration proceedings," as *In re M–A–M–* requires. 25 I. & N. Dec. at 484.

Accordingly, we grant the petition and remand for the BIA to instruct the IJ to apply *In re M–A–M–*. We need not address Quintanilla Centeno's remaining claims.

**PETITION GRANTED; REMANDED.**